UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

           Plaintiff,

v.

Trace Rod Stewart,

           Defendant.

_____/

Case No. 17-cr-20756

Judith E. Levy
United States District Judge

Mag. Judge R. Steven Whalen

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND FOR APPOINTMENT OF COUNSEL [25] AND DIRECTING THE CLERK'S OFFICE TO SEAL THE MOTION [25]**

Before the Court is *pro se* Defendant Trace Rod Stewart's motion for compassionate release and for the appointment of counsel. (ECF No. 25.) He is currently incarcerated at FCI Butner-II. (ECF No. 30.) Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) because he "is unvaccinated (for the Coronavirus)" and, because he underwent radiation treatment for prostate cancer, "he now has a compromised immune system which makes him highly susceptible to suffering a more serious consequence should he contract the coronavirus." (*Id.* at PageID.112.) Defendant also requests the

appointment of counsel and that the documents he attached in support of his motion be sealed.[1] (*See id.* at PageID.114.) For the following reasons, the motion is denied, and the Clerk's Office is directed to seal the motion.

## I. Background

On February 7, 2019, Defendant was sentenced to 155 months imprisonment after he pled guilty to one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1). (ECF No. 23.)

The warden denied Defendant's request for compassionate release on October 7, 2021. (ECF No. 25, PageID.122.) On December 2, 2021, the Court received Defendant's motion for compassionate release and for the appointment of counsel. (*Id.*) Defendant contends that his susceptibility to the adverse health effects of COVID-19 is an extraordinary and compelling reason warranting his release under 18 U.S.C. § 3582(c)(1)(A). (*See* PageID.112.) Further, he provides that "FMC-Butner has been a hotbed for the coronavirus as it is situated on a

---

[1] It appears that Defendant included two attachments in support of his motion: a "proposed release plan" and "additional medical information." (ECF No. 25, PageID.112.) However, these attachments were filed as a continuation of the motion itself rather than separate documents on ECF.

parcel of land alongside four additional federal prisons[, and] the community at large [is] a hotbed [for the coronavirus] as well.² " (*Id.*)

## II. Legal Standard

Compassionate-release motions require a "three-step inquiry." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). First, "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction.'" *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). Second, the Court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (quoting *Jones*, 980 F.3d at 1101). Third, the Court must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). "If each of those requirements are met, the district court 'may

---

² Defendant was housed at FMC Butner when he filed the motion before the Court (*see* ECF No. 25), but he is now incarcerated at Butner FCI-II. (ECF No. 30.) Both facilities are located within the same federal correctional complex. *See Our Locations*, Federal Bureau of Prisons, https://www.bop.gov/locations/search.jsp?q=FCC+Butner&name=Butner&facilityType=FCC (last visited July 26, 2022).

3

reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

## III. Analysis

Defendant does not present "extraordinary and compelling reasons" for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Sixth Circuit precedent forecloses Defendant's argument that his medical treatment, coupled with the number of cases at Butner facilities and in the community around the Butner complex, amount to an "extraordinary and compelling reason" that he will "suffer a more serious [health] consequence [than others]" because he has *access* to COVID-19 vaccines. The Bureau of Prisons reports that 401 of the 1159 inmates in custody at Butner II have tested positive for COVID-19. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited July 26, 2022). But, regarding the risk of contracting COVID-19 in prison, the Sixth Circuit found that "inmates in some respects face social distancing challenges distinct from those of the general public (although perhaps not entirely unlike students in dorm rooms, individuals in medical and assisted care facilities, and even residents of densely occupied apartment complexes)," but it endorsed the Seventh Circuit's

4

holding that "for people living in close quarters, vaccines offer relief far more effective than a judicial order." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)).

The Sixth Circuit has held that "if an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction under § 3582(c)(1)(A)(i) on the grounds that COVID-19 constitutes an extraordinary and compelling justification." *Lemons*, 15 F.4th at 751; *see also United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) ("a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."). Although Defendant has elected not be vaccinated, the COVID-19 vaccine is available to all inmates in the Federal Bureau of Prisons, including inmates at Defendant's facility, FCI Butner II. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited July 26, 2022). Defendant failed to present *any* reason he cannot be vaccinated against COVID-19.

5

Thus, Defendant has not presented an "extraordinary and compelling circumstance" warranting compassionate release.

To be sure, cancer is recognized as an underlying condition that heightens the risk factor of a more severe illness from a COVID-19 infection than people who do not have cancer. *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 26, 2022). Indeed, because of the danger that COVID-19 poses to people who have cancer or are receiving treatment for cancer, the National Institutes of Health recommends that this group receive the "COVID-19 vaccination as soon as possible" *Special Considerations in Adults and Children With Cancer*, National Institutes of Health, https://www.covid19treatmentguidelines.nih.gov/special-populations/cancer/ (Last updated May 31, 2022). Defendant's decision not to be vaccinated against COVID-19 and his failure to present any reason he cannot be vaccinated precludes him from arguing that he should be released from custody based on his susceptibility to the virus. *See United States v. Smith*, No. 1:16-CR-20677-8, 2021 WL 2010384, at

6

\*3 (E.D. Mich. May 20, 2021), *reconsideration denied*, No. 1:16-CR-20677-8, 2021 WL 2682815 (E.D. Mich. June 30, 2021) (collecting cases in which courts refused to find that an inmate with underlying conditions who refused to be vaccinated against COVID-19 presented extraordinary and compelling circumstances meriting compassionate release).

Defendant also seeks the appointment of counsel to assist him on this motion. (*See* ECF No. 25, PageID.113.) "The appointment of counsel for postconviction proceedings is a matter of the court's discretion, not a constitutional right." *United States v. Green*, No. 07-20411, 2021 WL 1179338, at \*1 (E.D. Mich. Mar. 29, 2021) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004); *United States v. Prater*, No. 7:15-11-DCR-3, 2020 WL 2616120, at \*2 (E.D. Ky. May 22, 2020)). "Because [Defendant] has not articulated a colorable claim for compassionate release, the [C]ourt will deny his request for the appointment of counsel." *United States v. Mullins*, No. 06-20015, 2020 WL 5422300, at \*3 (E.D. Mich. Sept. 10, 2020); *see also United States v. Kalasho,* No. 18-CR-20063, 2022 WL 302817, at \*1 (E.D. Mich. Jan. 31, 2022).

Finally, Defendant requested that his proposed release plan and additional medical information, which appear on ECF as part of the motion itself, be filed under seal. (ECF No. 25, PageID.112.) "The sealing of judicial documents and records is left to the sound discretion of the Court." *United States v. Kischnick*, No. 18-20469, 2020 WL 3172634, at *2 (E.D. Mich. June 15, 2020) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016)).

Here, the Court finds it appropriate to seal the motion for compassionate release (ECF No. 25) and to order Defendant to refile a copy of the motion *without* the attachments containing sensitive information, the proposed release plan (*id.*, PageID.115–119) and the additional medical information (*id.*, PageID.120–139). Sealing the proposed release plan and the additional medical information, which contain medical records and details about Defendant's family, will preserve his privacy interest in that information. *See United States v. Banks*, No. 18-CR-20462-2, 2022 WL 2679417, at *7 (E.D. Mich. July 11, 2022). However, the motion itself is to be refiled publicly because it "forms the primary basis for the relief [Defendant] seeks." *Kischnick*, 2020 WL 3172634, at *2. Accordingly, the Court directs the Clerk's Office

8

to seal Defendant's original motion (ECF No. 25) and orders Defendant to refile his motion without the attachments.

## IV. Conclusion

For the reasons set forth above, Defendant's motion for compassionate release and for appointment of counsel (ECF No. 25) is DENIED WITHOUT PREJUDICE, and the Clerk's Office is directed to seal the motion (ECF No. 25). The Court orders Defendant to refile his motion so that it does not include the proposed release plan and the additional medical information.

IT IS SO ORDERED.

Dated: August 5, 2022　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 5, 2022.

　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　Case Manager