UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 17-cr-20756

v.                                Judith E. Levy
                                     United States District Judge

Trace Rod Stewart,

                Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE [32] AND GRANTING
GOVERNMENT'S RENEWED MOTION FOR LEAVE TO FILE
EXHIBITS UNDER SEAL [37]**

    Before the Court is Defendant Trace Rod Stewart's motion for compassionate release or reduction of sentence (ECF No. 32) and the Government's renewed motion for leave to seal Exhibits 5, 6, and 7 of its response to Defendant's motion for compassionate release. (ECF No. 37.) On May 17, 2024, Defendant Trace Rod Stewart filed a motion for compassionate release or reduction of sentence. (ECF No. 32.) The Government filed its response opposing Defendant's motion on June 14,

2024. (ECF No. 36.) The Government also filed, under seal, the exhibits it wishes to seal, in compliance with Local Rule 5.3(b). (ECF No. 38.)

### I. Defendant's motion for compassionate release

#### A. Background

Defendant is currently incarcerated at FCI Butner II. On February 7, 2019, he was sentenced to 155 months imprisonment after he pled guilty to one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1). (ECF No. 23.)

On or around December 3, 2021, Defendant filed a motion for compassionate release, which reasoned that compassionate release should be granted because he was "susceptib[le] to the adverse health effects of COVID-19." (ECF No. 31, PageID.149.) The Court denied this motion because Defendant had access to the COVID-19 vaccine, did not explain why he did not get vaccinated, and did not present "extraordinary and compelling reasons" for compassionate release. (*Id.* at PageID.151.)

Defendant filed another motion for compassionate release on or around May 17, 2024. (ECF No. 32.) In this motion, Defendant states that he "has been getting treatment [for] prostate cancer" (*Id.* at PageID.157) and is also "a chronic diabetic patient." (*Id.* at PageID.159.) Defendant

2

describes his illness as "terminal," but later states that he "is expected to recover with the treatment he is receiving." (*Id.* at PageID.157, 159.)

Defendant believes that his medical circumstances constitute "extraordinary and compelling reasons" because his "deteriorating health condition and the hardship associated with prison living condition[s] at Butner Medium 2 are incompatible with his medical needs." (*Id.* at PageID.158–159.) According to Defendant, his illness "substantially diminish[es] his ability to provide proper self[-]care within the environment of the correctional facility" (*Id.* at PageID.157) and "it will be best for him to receive care from [an] independent specialist that is not associate[d] with the Bureau of [P]rison doctor[]s." (*Id.* at PageID.159.) Defendant also states that he "no longer poses a threat to the community" because he is 55 years old, has completed 78 months of his imprisonment, has participated in programming, and "d[e]spite his health condition he work[s] as a barber for the institution for over 1500 inmates he cut[s] their hair daily." (*Id.*)

### B. Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, a motion for compassionate release or modification of a sentence

3

may be filed the Director of the Bureau of Prisons ("BOP") or by "an imprisoned person . . . after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *See United States v. Jones*, 980 F.3d 1098, 1104–05 (6th Cir. 2020) (citations omitted). In resolving compassionate release motions, courts in the Sixth Circuit apply a three-step inquiry. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). First, "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction.'" *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). Second, the Court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission.'" *Id.* (quoting *Jones*, 980 F.3d at 1101). Third, the Court must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

With respect to the second factor, the relevant policy statement by the Sentencing Commission is found in United States Sentencing

Guidelines Manual § 1B1.13. *Jones*, 980 F.3d at 1108 (citation omitted). Previously, § 1B1.13 expressly applied only to a "motion of the Director of the Bureau of Prisons." U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2021). Based on this language, the Sixth Circuit concluded that "§ 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias*, 984 F.3d at 519. However, the Sentencing Commission recently amended this policy statement to also apply to motions made by incarcerated individuals. *See* Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, 88 Fed. Reg. 28,254 (May 3, 2023) (effective Nov. 1, 2023); U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023) [hereinafter U.S.S.G. § 1B1.13] ("Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A) . . . ." (emphasis added)).

The now-applicable policy statement provides that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:" (1) the medical circumstances of the defendant, (2) the age of the defendant, (3) the family circumstances of the

5

defendant, and (4) whether the defendant was a victim of abuse while in custody. *See* U.S.S.G. § 1B1.13(b)(1)–(4). Under an additional catch-all provision, a court may also consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." *Id.* at § 1B1.13(b)(5). While rehabilitation alone does not qualify as an extraordinary or compelling reason, it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.* at § 1B1.13(d).

### C. Analysis

In his motion, Defendant contends that his serious health conditions, which may or may not be terminal, and his rehabilitation while incarcerated constitute extraordinary and compelling reasons warranting compassionate release. (ECF No. 32.) The government responds that Defendant failed to exhaust his administrative remedies (ECF No. 36, PageID.199) and has not otherwise shown extraordinary

and compelling reasons for compassionate release. (*Id.* at PageID.36, PageID.200–201.)

First, it is not clear to the Court if Defendant exhausted his administrative remedies. Pursuant to 18 U.S.C. § 3582(c)(1)(A), an imprisoned person may file a motion for compassionate release "after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1104–05 (citations omitted). Defendant states that he submitted a compassionate release request and "30 day[s] ha[ve] elapse[d with] no response from the warden." (ECF No. 32, PageID.157.) He also attaches a copy of his request, which is dated March 10, 2024. (*Id.* at PageID.162.) The Government contends that Defendant does not properly demonstrate exhaustion of his administrative remedies because "BOP indicated that they found no record of Stewart making such a request" and that Defendant's motion "never alleges that his request was received by his warden." (ECF No. 36, PageID.199.)

Regardless of whether Defendant sufficiently exhausted his administrative remedies, Defendant's motion must be denied because he has not shown extraordinary or compelling reasons for compassionate

7

release. As relevant here, the medical circumstances of a defendant may constitute extraordinary and compelling reasons under the Sentencing Commission's policy statement when:

> (B) The defendant is—
>
>    (i) suffering from a serious physical or medical condition,
>
>    (ii) suffering from a serious functional or cognitive impairment, or
>
>    (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1)(B)–(C).

Based on his own statements in his motion, Defendant's current health concerns do not fall under either § 1B1.13(b)(1)(B) or (C). Section 1B1.13(b)(1)(B) requires a condition or impairment "from which he . . . is not expected to recover," but Defendant states that he is expected to recover. (ECF No. 32, PageID.159.) Section 1B1.13(b)(1)(C) applies when a "defendant is suffering from a medical condition that requires long-

8

term or specialized medical care that is not being provided," but Defendant states that he is being "treated for both health issues, [and] the defendant is expected to recover with the treatment he is receiving." (ECF No. 32, PageID.159.) Based on his own statements, it appears that neither section is applicable to Defendant.

Additionally, Defendant does not describe in detail or with specificity how his medical care and ability to provide self-care are limited in the BOP facility, given that he is expecting to recover. He does, however, suggest that being in custody makes it difficult for him to take care of some of his hygiene and nutritional needs. (*Id.*) Despite these general references, the Court finds that Defendant has not demonstrated that his medical circumstances constitute extraordinary and compelling circumstances supporting compassionate release.

Finally, Defendant points to his rehabilitation while incarcerated. (*See* ECF No. 32, PageID.159–160.) Under the Sentencing Commission's policy statement, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13(d) (citing 28 U.S.C. § 994(t)). However, "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances

9

in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.*

As relevant here, Defendant notes that he has completed over 78 months imprisonment and works as a barber. (ECF No. 32, PageID.159.) However, Defendant's rehabilitation cannot support a finding of extraordinary and compelling circumstances at this time because of the other deficiencies in Defendant's motion.

Accordingly, the Court concludes that Defendant has not demonstrated extraordinary and compelling reasons for compassionate release or a reduction in his sentence based on his medical circumstances, rehabilitation, or any combination thereof.

## II. The Government's motion to seal exhibits

The Government seeks leave to file under seal three exhibits to its response brief to Defendant's motion for compassionate release: 1) Defendant's 2024 medical records from the Bureau of Prisons, 2) Defendant's 2023 medical records from the Bureau of Prisons, and 3) Defendant's 2022 medical records from the Bureau of Prisons. (ECF No. 37, PageID.231.)

"There is a 'strong presumption in favor of open[ ]' judicial records." *Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831, 836 (6th Cir. 2017) (alteration in original) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). Generally, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted).

Even if no party objects to a motion to seal, "[t]here is a strong presumption in favor of open judicial records." *Id*. "The burden of overcoming that presumption is borne by the party that seeks to seal them." *Id*. (citation omitted). "[A] district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id*. at 306 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). Additionally, the Court must consider the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Id*.

11

First, the Government has set forth compelling reasons for nondisclosure of these documents. These documents contain "personal identifying information such as [Defendant's] date of birth and protected health information which encompasses health issues outside those that form the basis of his motion." (*Id.*) Nondisclosure of Defendant's medical history is justified, and outweigh the public interest in disclosure. The Court did not use these medical records in its determination of Defendant's motion for compassionate release; as a result, these records contain personal and medical information that is not relevant to Defendant's motion. *See United States v. Banks*, No. 18-cr-20462-2, 2022 WL 2679417, at *7 (E.D. Mich. July 11, 2022) (sealing the defendant's medical records because they "contain[ed] a great deal of private information that [went] to issues beyond those the Court considered in deciding" the defendant's motion). Further, "[c]ourts have recognized a person's interest in the privacy of their health information as a legitimate basis for sealing." *Detillion v. Ohio Dep't of Rehab. & Correction*, No. 2:22-CV-2671, 2023 WL 4925415, at *2 (S.D. Ohio Aug. 2, 2023) (quoting *Frohn v. Globe Life and Accident Ins. Co.*, No. 1:19-cv-713, 2022 WL 1555104, at *1 (S.D. Ohio May 17, 2022)). For these reasons, the Court

12

finds that the first two *Shane Group* factors are met because Defendant's interest in protecting the nondisclosure of his health records outweigh the public's limited interest in his health history.

The Court also finds that the third *Shane Group* factor is met. The sealing of these exhibits is no broader than necessary because they are medical records and "redaction is not practicable because the documents contain entirely material which must be protected from disclosure." *Detillion*, 2023 WL 4925415, at *3.

Accordingly, the Court concludes that the Government's motion to seal should be granted.

### III. Conclusion

For the reasons set forth above, the Court DENIES Defendant's motion for compassionate release (ECF No. 32), and GRANTS the Government's renewed motion to file Exhibits 5, 6, and 7 under seal. (ECF No. 37.)

IT IS SO ORDERED.

Dated: June 20, 2024  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

13

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 20, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
